IN THE SUPREME COURT OF THE STATE OF DELAWARE

RICKY HICKS,                  §
                                §
       Defendant Below,        § No. 77, 2015
       Appellant,               §
                                  §
       v.                      § Court Below: Superior Court
                                  § of the State of Delaware,
STATE OF DELAWARE,       § in and for Sussex County
                                  § Cr. ID No. 0410023146A
       Plaintiff Below,          §
       Appellee.               §

Submitted: March 2, 2015
Decided: March 6, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **VAUGHN**, Justices.

### **O R D E R**

This 6th day of March 2015, it appears to the Court that:

(1) On February 18, 2015, the Court received the appellant's notice of appeal from a Superior Court order, dated and docketed on January 15, 2015, denying his motion for postconviction relief. Under Supreme Court Rule 6(a)(iii), a timely notice of appeal should have been filed on or before February 16, 2015.

(2) On February 18, 2015, the Senior Court Clerk issued a Supreme Court Rule 29(b) notice directing the appellant to show cause why the appeal should not be dismissed as untimely filed. The appellant filed a response to the notice to show cause on March 2, 2015. In his response to the notice to show cause, the

appellant contends that his appeal should be considered timely because he placed his appeal papers in the Law Library Mailing System on February 9, 2015 and the papers should have been received before the time for appeal expired. The appellant's response included a copy of the Inmate Mailing List Report showing a date of February 9, 2015.

(3) In Delaware, the thirty day appeal period is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period.[2] Delaware has not adopted a "prison mailbox rule" that allows tolling of the appeal period for prisoners.[3] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[4]

(4) There is nothing in the record suggesting that the appellant's failure to file a timely notice of appeal is attributable to court-related personnel. Accordingly, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that this appeal must be dismissed.

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[2] *Smith v. State*, 47 A.3d 481, 482 (Del. 2012).

[3] *Id.* at 486-87; *Carr*, 554 A.2d at 779-80.

[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice